IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
(Southern Division)

JOHNNIE HOLLAND                    :
200 Moore Avenue
Freeport, NY 11520,               :

and                                :

BOBBIE HOLLAND                     :
200 Moore Avenue
Freeport, NY 11520,               :

    Plaintiffs,               :

vs.                                :
                                          Case No. MJG 03 CV440
PHILLIP D. MORT                    :
2591 Tract Road
Fairfield, PA 17320,              :

and                                :

AMQUIP CORPORATION                 :
8204 Fisher Road
Baltimore, MD 21222,              :

SERVE:                             :
MICHAEL S. GOOD
8204 Fisher Road                   :
Baltimore, MD 21222
                                   :
and
                                   :
STATE FARM INSURANCE COMPANY
                                   :
SERVE:
Maryland Insurance Commissioner    :
Steven B. Larson
Maryland Insurance Administration  :
525 St. Paul Place
Baltimore, Maryland 21202          :

    Defendants.               :

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

COMES NOW the Defendant, State Farm Mutual Automobile

- 1 -

Insurance Company (incorrectly listed as "State Farm Insurance Company" in the caption of the Complaint and hereinafter referred to as "State Farm"), by and through its attorney, Cyrus S. Picken, Jr., to answer the Plaintiffs' Complaint as follows:

### JURISDICTIONAL STATEMENT

The Jurisdictional Statement of the Complaint states legal conclusions to which no response is required.

### COUNT I

### (Johnnie Holland – Negligence – Phillip D. Mort)

1.    Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 1 of Count I of the Complaint.

2.    Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 2 of Count I of the Complaint.

3.    The allegations contained in Paragraph 3 of Count I of the Complaint states well recognized duties of drivers in the State of Maryland.

4.    Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Count I of the Complaint.

5.    Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Count I of the Complaint.

6.    Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Count I of the Complaint.

7.    Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Count I of the Complaint.

It is denied that the Plaintiff is entitled to the relief sought.

## COUNT II

### (Bobbie Holland - Negligence - Philip D. Mort) [sic]

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 7 as though stated fully herein.

8.    Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 8 of Count II of the Complaint.

9.    Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Count II of the Complaint.

10.   Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Count II of the Complaint.

11.   Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Count II of the Complaint.

It is denied that the Plaintiff is entitled to the relief sought.

**COUNT III**

**(Johnnie Holland – Agency/Respondeat Superior/Vicarious Liability**

**– Amquip Corp.)**

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 11 as though stated fully herein.

12.  Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 12 of Count III of the Complaint.

13.  Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 13 of Count III of the Complaint.

Nonetheless, it is denied that the Plaintiff is entitled to the relief sought for other reasons.

**COUNT IV**

**(Bobbie Holland – Agency/Respondeat Superior/Vicarious Liability –**

**Amquip Corp.)**

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 13 as though stated fully herein.

14.  Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 14 of Count IV of the Complaint.

Nonetheless, it is denied that the Plaintiff is entitled to the relief sought for other reasons.

## COUNT V

### (Johnnie Holland - Negligent Entrustment - Amquip Corp.)

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 14 as though stated fully herein.

15. Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 15 of Count V of the Complaint.

16. Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 16 of Count V of the Complaint.

17. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Count V of the Complaint.

18. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Count V of the Complaint.

19. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Count V of the Complaint.

20. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Count V of the Complaint.

Nonetheless, it is denied that the Plaintiff is entitled to the relief sought for other reasons.

**COUNT VI**

**(Bobbie Holland – Negligent Entrustment – Amquip Corp.)**

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 20 as though stated fully herein.

21. Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 21 of Count VI of the Complaint.

22. Upon information and belief, Defendant State Farm admits the allegations contained in Paragraph 22 of Count VI of the Complaint.

23. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Count VI of the Complaint.

24. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Count VI of the Complaint.

25. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Count VI of the Complaint.

26. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Count VI of the

Complaint.

Nonetheless, it is denied that the Plaintiff is entitled to the relief sought for other reasons.

## COUNT VII

### (Johnnie Holland – State Farm – Breach of Contract)

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 26 as though stated fully herein.

27. Defendant State Farm admits only that a contract of insurance exists, the terms of which speak for itself.

28. Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Count VII of the Complaint.

29. Defendant State Farm denies that it breached any duty to Plaintiffs as alleged in Paragraph 29 of Count VII of the Complaint and further is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

30. Defendant State Farm denies that it breached any duty to Plaintiffs as alleged in Paragraph 30 of Count VII of the Complaint.

It is denied that the Plaintiff is entitled to the relief sought.

## COUNT VIII

### (Johnnie Holland – State Farm – Breach of Contract)

Defendant State Farm incorporates by reference its responses as set forth in Paragraphs 1 through 30 as though stated fully herein.

31.  Defendant State Farm admits only that a contract of insurance exists, the terms of which speak for itself.

32.  Defendant State Farm is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Count VIII of the Complaint.

33.  Defendant State Farm denies that it breached any duty to Plaintiffs as alleged in Paragraph 33 of Count VIII of the Complaint and further is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

34.  Defendant State Farm denies that it breached any duty to Plaintiffs as alleged in Paragraph 34 of Count VIII of the Complaint.

It is denied that the Plaintiff is entitled to the relief sought.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST DEFENSE**</u>

Plaintiffs' Complaint fails to state a cause of action against Defendant State Farm upon which relief may be granted.

<u>**SECOND DEFENSE**</u>

Defendant State Farm denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise responded to.

### THIRD DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense of contributory negligence should discovery disclose a basis therefore.

### FOURTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense of assumption of risk should discovery disclose a basis therefore.

### FIFTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that the Complaint is barred by the Statute of Limitations should discovery disclose a basis therefore.

### SIXTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense of unavoidable accident should discovery disclose a basis therefore.

### SEVENTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that if the Plaintiffs were injured as alleged in the Complaint, such injuries were the result of the negligence of a person or persons not a party to the case at bar should discovery disclose a basis therefore.

### EIGHTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that the injuries alleged by the Plaintiffs were not casually related to the collision complained of should discovery disclose a basis therefore.

### NINTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that the Plaintiffs were not injured in the nature or to the extent claimed in the Complaint should discovery disclose a basis therefore.

### TENTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that it is not indebted as alleged in the Plaintiffs' Complaint.

### ELEVENTH DEFENSE

Defendant State Farm State Farm respectfully reserves the right to assert the affirmative defense that it did not contract as alleged in the Plaintiffs' Complaint.

### TWELFTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that Plaintiffs have not given proper and timely notice of their intention to sue under the terms of the contract of insurance thereby prejudicing the rights of Defendant State Farm.

### THIRTEENTH DEFENSE

Defendant State Farm respectfully reserves the right to assert the affirmative defense that Plaintiffs have not complied with all conditions precedent under the terms of the contract of insurance thereby prejudicing the rights of Defendant State Farm.

### FOURTEENTH DEFENSE

The terms of any applicable uninsured motorist policy set Defendant State Farm's maximum monetary exposure in the case, and thus Defendant State Farm denies that Plaintiffs can recover any amounts over which it may be contractually obligated to pay under the authority of Allstate Ins. Co. v. Miller, 315 Md. 182, 553 A.2d 1268 (Md. 1989).

### FIFTEENTH DEFENSE

Defendant State Farm hereby respectfully reserves the right to assert those defenses which may become known as a result of discovery in this matter.

WHEREFORE, the Defendant, State Farm Mutual Automobile Insurance Company, requests that Plaintiffs' Complaint in this action be dismissed with prejudice and that it be awarded its costs and fees, and such other and further relief as the Court may deem proper.

Respectfully submitted,

_____
Cyrus S. Picken, Jr. - #07690
Attorney for Defendant State Farm
4200 Parliament Place, Suite 204
Lanham, Maryland 20706
(301) 306-4806

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this _____ day of May 2003, a copy of the foregoing was mailed, postage prepaid, to **Robert G. Samet, Esquire**, 11300 Rockville Pike, Suite 1002, Rockville, Maryland 20852, Attorney for Plaintiffs; **Phillip D. Mort**, 2591 Tract Road, Fairfield, Pennsylvania 17320, Defendant; and **Kathleen Bustraan, Esquire**, Lord & Whip, Charles Center South, 10th Floor, 36 S. Charles Street, Baltimore, Maryland 21201, Attorney for Defendant Amquip Corporation.

_____
Cyrus S. Picken, Jr., #07690

IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
(Southern Division)

JOHNNIE HOLLAND, et al.                    :

    Plaintiffs                              :

vs.                                        :     Case No. MJG03CV440

PHILLIP D. MORT, et al.                    :

    Defendants                              :

## PRAYER FOR JURY TRIAL

    The Defendant requests a jury trial on all issues herein.


_____
Cyrus S. Picken, Jr. - #07690
Attorney for Defendant State Farm
4200 Parliament Place, Suite 204
Lanham, Maryland 20706
(301) 306-4806


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on this _____ day of May 2003, a copy of the foregoing was mailed, postage prepaid, to **Robert G. Samet, Esquire**, 11300 Rockville Pike, Suite 1002, Rockville, Maryland 20852, Attorney for Plaintiffs; **Phillip D. Mort**, 2591 Tract Road, Fairfield, Pennsylvania 17320, Defendant; and **Kathleen Bustraan, Esquire**, Lord & Whip, Charles Center South, 10th Floor, 36 S. Charles Street, Baltimore, Maryland 21201, Attorney for Defendant Amquip Corporation.


_____
Cyrus S. Picken, Jr., #07690


- 14 -

IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
(Southern Division)

JOHNNIE HOLLAND, et al.    :

  Plaintiffs      :

vs.           :  Case No. MJG03CV440

PHILLIP D. MORT, et al.    :

  Defendants     :

## NOTICE

All attorneys and staff of the law firm of David L. Hendricks & Associates are employees of the Corporate Law Department of State Farm Mutual Automobile Insurance Company.

DAVID L. HENDRICKS & ASSOCIATES

_____
Cyrus S. Picken, Jr. - #07690
Attorney for Defendant State Farm
4200 Parliament Place, Suite 204
Lanham, Maryland 20706
(301) 306-4806

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this _____ day of May 2003, a copy of the foregoing Notice, was mailed, postage prepaid, to **Robert G. Samet, Esquire**, 11300 Rockville Pike, Suite 1002, Rockville, Maryland 20852, Attorney for Plaintiffs; **Phillip D. Mort**, 2591 Tract Road, Fairfield, Pennsylvania 17320, Defendant; and **Kathleen Bustraan, Esquire**, Lord & Whip, Charles Center South, 10th Floor, 36 S. Charles Street, Baltimore, Maryland 21201, Attorney for Defendant Amquip Corporation.

_____
Cyrus S. Picken, Jr. - #07690

- 15 -

IN THE UNITED STATES DISTRICT COURT FOR MARYLAND
(Southern Division)

JOHNNIE HOLLAND, et al.          :

    Plaintiffs                  :

vs.                              :    Case No. MJG 03 CV440

PHILLIP D. MORT, et al.          :

    Defendants                  :

## CROSS CLAIM

COMES NOW Defendant/Cross-Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Cyrus S. Picken, Jr., and cross-claims against Defendants, Phillip D. Mort and Amquip Corporation, and says:

1.  Plaintiffs, Johnnie Holland and Bobbie Holland, have sued Defendants, State Farm, Phillip D. Mort and Amquip Corporation, claiming damages from an accident that took place on February 19, 2000, on southbound I-95 in Cecil County, Maryland. Plaintiffs claim that Defendants' negligence caused the accident. Plaintiffs had a policy of insurance with State Farm that provided "uninsured/underinsured motorist coverage". Allegedly Defendants, Phillip D. Mort and Amquip Corporation, were uninsured or underinsured and, therefore, that State Farm may be liable to Plaintiffs under the insurance policy.

2.  State Farm denies that the Plaintiff is entitled to recover at all. However, should Plaintiffs secure a judgment against State Farm, State Farm is entitled to a judgment by way of indemnification against Defendants/Cross-Defendants, Phillip D.

Mort and Amquip Corporation, in the amount of any judgment that might be entered against State Farm if it is determined that Plaintiffs' injuries and damages were caused by the Defendants/Cross-Defendants.

WHEREFORE, Defendant/Cross-Plaintiff, State Farm demands a judgment by way of indemnification against Defendants/Cross Defendants, Phillip D. Mort and Amquip Corporation, in the amount of any judgment that might be entered against State Farm in favor of Plaintiffs.

Respectfully submitted,

_____
Cyrus S. Picken, Jr. - #07690
Attorney for Defendant State Farm
4200 Parliament Place, Suite 204
Lanham, Maryland 20706
(301) 306-4806

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this _____ day of May 2003, a copy of the foregoing Cross Claim was mailed, postage prepaid, to **Robert G. Samet, Esquire**, 11300 Rockville Pike, Suite 1002, Rockville, Maryland 20852, Attorney for Plaintiffs; **Phillip D. Mort**, 2591 Tract Road, Fairfield, Pennsylvania 17320, Defendant; and **Kathleen Bustraan, Esquire**, Lord & Whip, Charles Center South, 10th Floor, 36 S. Charles Street, Baltimore, Maryland 21201, Attorney for Defendant Amquip Corporation.

_____
Cyrus S. Picken, Jr. - #07690